IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHARON CLOUD, | |
| Plaintiff, | |
| v. | Case No. 23-01200-JWB |
| KANSAS, STATE OF, et al., | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' motions to dismiss. (Docs. 37, 42, 52, 62, 75, 91, 97.) Defendant Michael Brown moves in the alternative for leave to respond out of time. (Doc. 94.) Also pending before the court are motions by Plaintiff to cease and desist harassment (Doc. 71) and for summary judgment (Doc. 77), and applications for default judgment (Docs. 84, 85). Some Defendants move to strike Plaintiff's motion for summary judgment. (Docs. 89, 96). All motions are either fully briefed or the time for response has long since passed. (Docs. 44, 45, 53–60, 63–70, 73, 74, 76, 78, 81–83, 86, 87, 92, 93, 95, 98–100.) Thus the motions are ripe for review. The court GRANTS the motions to dismiss and DENIES all other pending motions for the reasons stated herein.

**I. Background**

Plaintiff Sharon Cloud's amended complaint is not the picture of clarity. (Doc. 17.)[1] However, based on exhibits that Plaintiff has submitted,[2] this case is largely based off two traffic-

---

[1] This is not Plaintiff's first trip to federal court. She has brought several unsuccessful suits in the recent past. *See Cloud v. State of Kansas*, No. 22-cv-3210-JWL (D. Kan. Nov. 28, 2022); *Cloud v. State of Kansas*, Case No. 22-cv-3146-SAC (D. Kan. Aug. 31, 2022); *Cloud v. State of Kansas*, No. 22-cv-3155-JWL (D. Kan. Aug. 29, 2022).

[2] *See Truman v. Orem City*, 1 F.4th 1227, 1238 n.7 (10th Cir. 2021) ("Courts can consider not only the complaint but also attached exhibits and documents incorporated into the complaint by reference.").

related cases against Plaintiff in Harper County, Kansas District Court. (Doc. 3.) *State of Kansas v. Cloud*, No. 2021-TR-385 (Harper Cnty. Ct. Sept. 18, 2023) was dismissed without prejudice by the prosecutor (*id.* at 5), but in *State of Kansas v. Cloud*, No. 2022-TR-115 (Harper Cnty. Ct. Sept. 19, 2023), Plaintiff was convicted of (1) fleeing or attempting to elude a police officer in violation of K.S.A. § 8-1568; (2) no valid registration in violation of K.S.A. § 8-142; (3) no driver's license in violation of K.S.A. § 8-235; and (4) no liability insurance in violation K.S.A. § 40-3104. (*Id.* at 7–8.) Plaintiff was sentenced to thirty days in county jail with credit for time served and the remainder of her sentence suspended. (*Id.* at 8.) Plaintiff was also ordered to pay the statutory minimum fine of $300 and various courts costs and fees. (*Id.*) There is no indication Plaintiff ever appealed her convictions.

Plaintiff filed this case in federal court in September 2023. (Doc. 1.) Plaintiff described the case as a "removal" from state court, but there is no record of a civil case in state court. The magistrate judge held a show-cause hearing and ordered Plaintiff to amend her pleadings and file a complaint. (Doc. 15.) Plaintiff filed the operative complaint thereafter. (Doc. 17.)

Plaintiff now alleges that Defendants the State of Kansas, Attorney General Kris Kobach, Douglas W. McNett, Richard Raleigh, Matthew Ricke, Brandon T. Ritcha, Mandi Stephenson, Matthew Metcalf, Michael C. Brown, Julie Fletcher Cowell, Scott McPherson, Candace R. Lattin, Tracey Chance, Melania Miller, Wyatt Allen, Chad Thompson, Lesia Dipman, Cody Morris, and Chris Rothenbush "went to great lengths to kidnap, oppress, silence, harass, hurt, bully, torture, isolate, and humiliate" her. (Doc. 17 at 8.) The court provides facts specific to individual Defendants in the analysis for clarity.

**II.     Standard**

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682, (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal quotations marks and citation omitted). If the motion challenges the sufficiency of the complaint's jurisdictional allegations, as is the case here, the court must accept all such allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated in part on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001)).

On the other hand, to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiffs. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing on the

3

court's consideration. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### III. Analysis

As an initial matter, the court notes that Plaintiff's amended complaint cites to several criminal statutes: 18 U.S.C. §§ 241, 242, 245, 249, 287, 371, 641, 666. (Doc. 17 at 2.) "[T]hese are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (holding no cause of action where plaintiff purported to bring claims under §§ 241 and 371). Plaintiff also cites to 42 U.S.C. § 1981, which states that all persons have the equal right to make and enforce contracts. But Plaintiff fails to state a claim against any Defendant under § 1981 because she fails to allege any interference with a contract by a specific Defendant. Rather, her most specific allegations are that she declined services from and did not contract with various Defendants. *See* (Doc. 17 at 7, 16). So, to the extent Plaintiff sues under § 1981, her claims are dismissed with prejudice for failure to state a claim. However, it seems that Plaintiff's suit is alleging constitutional violations, which are properly brought under 42 U.S.C. § 1983. *See, e.g.*, (Doc. 17 at 7 ("Plaintiff was the target of a Hate Crime . . . because Plaintiff is black, female . . . .") Thus the court broadly construes Plaintiff's pro se pleadings as proceeding via § 1983.

Additionally, most of Plaintiff's allegations are too conclusory to state plausible allegations because she lumps all Defendants together without differentiating which Defendant did what. Section "1983 imposes liability for a defendant's own actions—personal participation in the

4

specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Robbins*, 519 F.3d at 1249–50 (10th Cir. 2008) (noting it is "particularly important" in § 1983 cases "that the complaint make clear exactly who is alleged to have done what to whom").  The court thus focuses on Plaintiff's specific pleadings in analyzing the pending motions.

### A. Metcalf and Stephenson Motions to Dismiss (Docs. 37, 45)

Plaintiff alleges that Metcalf and Stephenson served her as court-appointed attorneys. (Doc. 17 at 15.)  Plaintiff's specific allegations against these individuals are limited: she accuses Metcalf of trying to force Plaintiff not to act in her best interest and Stephenson of telling Plaintiff that things would only get worse "if she did not cooperate." (*Id.*)  Plaintiff further alleges that she never contracted with a court-appointed attorney. (*Id.* at 16.)  But "it is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant." *Dunn v. Harper Cnty.*, 520 F. App'x 723, 725–26 (10th Cir. 2013) (citations omitted).  The court dismisses Plaintiff's claims against Metcalf and Stephenson with prejudice under Rule 12(b)(6) for failure to state a claim because further amendment would be futile.

### B. County Attorney and Law Enforcement Motion to Dismiss (Doc. 52)

Plaintiff also sues county attorneys McNett, Raleigh, and Ricke (collectively, "County Attorney Defendants"), and law enforcement officers Chance, Miller, Allen, Morris and Rothenbush (collectively, "Law Enforcement Defendants"). (Doc. 17 at 12–14.)  The court addresses the County Attorney Defendants' arguments first.

#### 1. County Attorney Defendants

5

Plaintiff accuses the County Attorney Defendants (and several other Defendants) generally of committing a "Hate Crime" against her, subjecting her to inhumane jail conditions, attempted murder, and denying her a right to health. (Doc. 17 at 12.) Plaintiff does not make individualized accusations as necessary under § 1983. And even if she had, county attorneys are not responsible for jail conditions. "Under Kansas statutes, the county sheriff is clearly responsible for keeping the county jail. Those statutes confer exclusive authority on a county sheriff to establish policies and procedures for operating a jail." *Est. of Belden v. Brown Cnty.*, 46 Kan. App. 2d 247, 287–88, 261 P.3d 943, 970 (2011) (internal citation omitted). The court grants the motion to dismiss as to the County Attorney Defendants with prejudice because further amendment would be futile.

2. **Law Enforcement Defendants**

Plaintiff makes some distinction between the Law Enforcement Defendants. First, however, she lumps Harper County Sheriff Chance with the County Attorney Defendants regarding the inhumane jail conditions. While, as established above, sheriffs are responsible for jail conditions, a sheriff must either directly participate in the unconstitutional conditions or be personally aware and deliberately indifferent to said conditions before being liable via § 1983. *See McClain v. Sheriff of Mayes Cnty.*, 595 F. App'x 748, 753 (10th Cir. 2014). Plaintiff's vague and conclusory allegations fail to establish a constitutional violation or that the sheriff was deliberately indifferent to any purported constitutional violation.

Regarding Miller, Plaintiff accuses her of kidnapping her, seizing her vehicle, and for holding her for a bail bond ransom on April 20, 2022. (Doc. 17 at 13.) Broadly construed, Plaintiff is accusing Miller of arresting her and seizing her vehicle without probable cause. This claim, however, is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). "The *Heck* doctrine provides that if a § 1983 claim would call into question the validity of the plaintiff's conviction, the claim is

6

barred unless the plaintiff shows his conviction has already been overturned." *Livingston v. Unified Gov't of Wyandotte Cnty.*, No. 23-3032-JWL, 2023 WL 5672201, at *1 (D. Kan. Sept. 1, 2023) (citation omitted). Plaintiff's accusation against Miller of seizing her without probable cause necessarily calls into question the validity of her subsequent conviction. (*See* Doc. 3 at 2, 7–9 (indicating Plaintiff was convicted for the activity she was arrested for on April 20, 2022). Dismissal is thus mandatory as to Miller.

The court now addresses the remaining Law Enforcement Defendants on the motion. Plaintiff accuses Morris, a "booking office for Harper County Jail" after her 2021 arrest, of telling her he needed to put her into the system, that she resisted him, and that Allen was one of the officers who then entered the booking room. (Doc. 17 at 11.) She alleges that the three officers in the booking room then put on black gloves and told her that if she did not cooperate, she would have to "sleep on the hard floor in isolation." (*Id.*) She accuses Rothenbush of being the booking officer for her 2022 arrest, and that he yelled at her and called her names while "spit would come from his mouth onto [her] face." (*Id.* at 14.)

"Because pretrial detainees in state custody have not been adjudicated guilty, they have a right under the Fourteenth Amendment's Due Process Clause not to be punished." *Khan v. Barela*, 808 F. App'x 602, 606 (10th Cir. 2020) (citation omitted). But a restriction or condition reasonably related to a legitimate governmental objective is not by itself a punishment. *Id.* Here, Plaintiff's own allegations indicate that she was resisting Morris while he was trying to process her post-arrest. There are no facts indicating that requiring compliance with the booking officer violated any of Plaintiff's constitutional rights. And while being yelled at in such close proximity that spit lands on you is certainly unpleasant, there is no allegation of resulting harm indicating a constitutional violation on that ground either. *Cf. Greene v. Mazzuca*, 485 F. Supp. 2d 447, 450–

7

51 (S.D.N.Y. 2007) (holding no Eighth Amendment violation in prisoner context when the plaintiff was yelled and spit at and threatened with solitary confinementt); *see also Clay v. Hydro*, No. 19-3245-DDC-ADM, 2021 WL 1137993, at *6 n.5 (D. Kan. Mar. 25, 2021) (collecting cases about spitting not rising to the level of a constitutional violation). The court grants dismissal with prejudice for failure to state a claim because amendment would be futile.

### C. State Officials Motion to Dismiss (Doc. 62)

Plaintiff sues the state of Kansas and the following state officials: Kobach, Dipman, Cowell, McPherson, and Lattin, (collectively, "State Defendants"). (Doc. 17 at 12, 17.) State Defendants argue, *inter alia*, that Plaintiff's lawsuit is barred by sovereign immunity because she sues State Defendants in their official capacity, the immunity has not been abrogated or waived, and Plaintiff's allegations do not meet the exception for prospective injunctive relief. (Doc. 63 at 8.) Plaintiff argues cursorily in response that her complaint establishes jurisdiction. (Doc. 65 at 1.)

"The Eleventh Amendment bars suits for damages . . . against state defendants acting in their official capacities." *Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) (citation omitted). "There is an exception to state sovereign immunity, however, for suits seeking prospective injunctive relief." (*Id.*) (citations omitted). A complaint states a such a claim when it alleges an ongoing violation of federal law and seeks relief "properly characterized" as prospective. *Id.* (citation omitted).

Here, "[i]t is well settled that neither 42 U.S.C. § 1981 nor § 1983 abrogate the Eleventh Amendment immunity of the states." *LaFavre v. Kansas ex rel. Stovall*, 6 F. App'x 799, 805 (10th Cir. 2001) (citations omitted). And Kansas has not waived its Eleventh Amendment immunity. *Jones v. Courtney*, 466 F. App'x 696, 700–01 (10th Cir. 2012). And a reading of Plaintiff's

complaint makes clear that she has not alleged an ongoing violation of federal law but is rather seeking a redress for past wrongs. Nor does Plaintiff dispute that she sues the State Defendants in their official capacities only. The court therefore finds Plaintiff's lawsuit is barred by sovereign immunity as to the State Defendants and dismisses this lawsuit as to them without prejudice for lack of jurisdiction.

### D. Richta Motion to Dismiss (Doc. 75)

Plaintiff sues Richta in his capacity as the Anthony City Attorney and alleges he and other government officials carried out a hate crime against her on April 20, 2022, by subjecting her to inhumane jail conditions, attempted murder, and denying her a right to health. (Doc. 17 at 12.) These allegations are conclusory and fail to allege which specific actions Richta took that violated Plaintiff's constitutional rights. And, as established above with the county attorneys, Richta has no responsibility for jail conditions as a city attorney. *Est. of Belden*, 261 P.3d at 970. The court grants the motion to dismiss with prejudice for failure to state a claim because further amendment would be futile.

### E. Thompson Motion to Dismiss (Doc. 91)

Thompson, a former Anthony police officer, moves to dismiss for lack of proper service. (Doc. 92 at 1.) "When a defendant moves to dismiss under Rule 12(b)(5) based on insufficient service of process, the burden shifts to the plaintiff to make a prima facie showing of proper service." *Jackson v. Spirit Aerosystems, Inc.*, No. 21-1210-JWB, 2022 WL 43344, at *2 (D. Kan. Jan. 5, 2022). Plaintiff has failed to respond to Thompson's motion. The court therefore finds that Plaintiff has failed to meet her burden to show proper service. The court grants the motion to dismiss without prejudice under Rule 12(b)(5). Consequently, Plaintiff's application for default against Thompson (Doc. 85) is denied.

### F. Plaintiff's Application for Default, Brown Motions (Docs. 84, 94, 97)

9

Plaintiff requests an entry of default against Brown. (Doc. 84.) Brown opposes the motion, (Doc. 93), and argues that Plaintiff failed to comply with Federal Rule of Civil Procedure 4, and thus service on Brown was only effected on January 9, 2024, when counsel entered an appearance. Plaintiff fails to respond to Brown's argument, so the court holds that Plaintiff has failed to meet her burden to show proper service. Therefore, the court finds Brown's response timely and considers his motion to dismiss. (Doc. 97.)

Brown served as court-appointed counsel for Plaintiff, and she accuses him of standing over her and yelling, "Now you listen to me!" (Doc. 17 at 15.) Plaintiff further alleges she never contracted with court-appointed counsel. (*Id.* at 16.) But, as with Plaintiff's other court-appointed counsel, she cannot sue Brown via § 1983 because he is not a state actor in that role. *Dunn*, 520 F. App'x at 725–26. The court grants the motion to dismiss with prejudice because amendment would be futile.

### G. Plaintiff's Remaining Motions (Docs. 71, 77)

Based on the above rulings, the court denies Plaintiff's motion to cease harassment as moot. (Doc. 71.) The above analysis shows that, contrary to Plaintiff's assertions in her motion, the motions to dismiss were meritorious rather than frivolous motions designed only to harass. The court also denies Plaintiff's motion for summary judgment (Doc. 77) and the motions to strike (Docs. 89, 96) as moot.

### IV. Conclusion

The State Defendants' motion to dismiss (Doc. 62) is GRANTED WITHOUT PREJUDICE under Rule 12(b)(1). Thompson's motion to dismiss (Doc. 91) is GRANTED WITHOUT PREJUDICE under Rule 12(b)(5). The remaining motions to dismiss (Docs. 37, 45, 52, 75, 97) are GRANTED WITH PREJUDICE. Plaintiff's applications for default (Docs. 84, 85)

are DENIED.  Plaintiff's remaining motions (Docs. 71, 77), Brown's alternative motion for leave to file out of time (Doc. 94), and the motions to strike (Docs. 89, 96) are DENIED AS MOOT.

IT IS SO ORDERED.

Dated: May 20, 2024                            /s/      John W. Broomes
                                                                               JOHN W. BROOMES
                                                                               UNITED STATES DISTRICT JUDGE