IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARON CLOUD,

        Plaintiff,

v.                                                        Case No. 23-1200-JWB

KANSAS, STATE OF, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on two motions from Plaintiff. The first motion is a collection of various requests and assertions of claims (which the court construed as a motion to reopen her case) and the second motion is a request to consolidate this case with *Bae v. Paxton*, Case No. 24-cv-1064, both of which have final judgements entered in them. (Doc. 105, 113.) Both motions are denied, and the court now imposes a filing restriction on Sharon Cloud for the reasons stated herein.

The facts in this case have previously been set out by the court in its order granting Defendants' motions to dismiss. (Doc. 103.) Plaintiff, proceeding pro se, filed the present case in September 2023 by claiming that she was removing her case from State court, even though there was no record of a civil case in state court. (Doc. 1.) The magistrate judge held a show-cause hearing and ordered Plaintiff to amend her pleadings and file a complaint. (Doc. 15.) Plaintiff filed the operative amended complaint thereafter which alleged claims against numerous government officials, judges, officers, and attorneys. (Doc. 17.) In an order on May 20, 2024, the undersigned granted motions to dismiss from each of the defendants and entered final judgement in the case. (Doc. 103, 104.)

1

Nearly a year after final judgement was entered, Plaintiff now attempts to reassert claims from her amended complaint by way of filing a motion and is also attempting to add Daytona Bae as a party/witness. (Doc. 105, 106.) The court construed this filing as a motion to reopen, and numerous Defendants oppose this motion. (Doc. 107, 108, 109, 110, 112.) She also filed a motion to consolidate this case with case No. 24-cv-1064, claiming both cases present nine common issues of federal law and procedure. (Doc. 113.)

As an initial matter, the court denies Plaintiff's motion to reopen her case. Although not denominated as such, a party's request to reinstate their claims amounts to a motion for relief from the judgment. *PHH Mortg. Corp. v. Stuber*, No. 22-1075-JWB, 2022 WL 17177350, at *2 (D. Kan. Nov. 23, 2022). Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment, but only if it is filed within 28 days after the entry of judgement. Rule 60 also permits relief from a final judgment in certain circumstances, including "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud[,] ... misrepresentation, or misconduct by an opposing party;" or "any other reason that justifies relief." *See Tyner v. Probasco L., P.A.*, No. 20-2632-EFM, 2022 WL 2802318, at *1 (D. Kan. July 18, 2022) (citing Fed. R. Civ. P. 60(b)). In this matter, Plaintiff's filing (which the court construed as a motion to reopen) is almost a year after entry of judgment, so it fails the timeliness requirement of Rule 59. Additionally, Plaintiff's filing fails to allege any mistake or newly discovered evidence that could otherwise warrant relief under Rule 60. Thus, the motion to reopen is denied.

Additionally, the court denies Plaintiff's motion to consolidate this present case with *Bae v. Paxton*, Case No. 24-cv-1064. (Doc. 113.) Motions to consolidate are governed by Rule 42 of

the Federal Rules of Civil Procedure. This rule gives courts the ability to consolidate cases when they "involve a common question of law or fact." Fed. R. Civ. Proc. 42(a). This is fundamentally a discretionary standard, and courts may refuse to consolidate cases even when they have interdependent claims. *Am. Emp. Ins. Co. v. King Res. Co.*, 545 F.2d 1265, 1268–69 (10th Cir. 1976). Plaintiff's motion to consolidate is not proper because both this case and case No. 24-1364 have been dismissed on the merits and judgments have been entered. Even if one of the two cases remained open, "[c]onsolidating an active case with one in which Final Judgment has been entered is permissible, but rarely appropriate." *Dunn v. Kansas*, No. 23-3199-JWL, 2023 WL 6064609, at *1 (D. Kan. Sept. 18, 2023) (citing *Payne v. Tri-State Careflight*, LLC, 327 F.R.D. 433, 452–53 (D.N.M. June 21, 2018)). Plaintiff has not provided any reason why the cases should be combined besides contending that they both raise claims generally under federal law. (Doc. 113.) Therefore, Plaintiff's motion to consolidate is also denied.

Moving to the issue of filing restrictions, Plaintiff has inundated the court with numerous filings and several unsuccessful cases in the past, many of which are frivolous. *See Cloud v. State of Kansas*, No. 22-cv-3210-JWL (D. Kan. Nov. 28, 2022); *Cloud v. State of Kansas*, Case No. 22-cv-3146-SAC (D. Kan. Aug. 31, 2022); *Cloud v. State of Kansas*, No. 22-cv-3155-JWL (D. Kan. Aug. 29, 2022). Additionally, Sharon Cloud has begun filing in cases where she is not a party, claiming that she is a "legal representative" without any proof she is an attorney. *See Bae v. Paxton*, Case No. 24-cv-1064, Doc 49.[1] "The right of access to the courts is neither absolute nor unconditional." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). Rather, "[f]ederal courts have the inherent power to regulate the activities of abusive

---

[1] This Report and Recommendation by Judge Birzer lays out the history of Sharon Cloud's attempted filings in *Bae v. Paxton* and her repeated instances of ignoring of the court's warnings against filing in that case.

3

litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted). In addition to filing numerous complaints and motions, Plaintiff has also filed "attachments" to supplement her complaint after judgment has been entered. (Doc. 106.) The court has reviewed the factors set forth in *United States v. Kettler*, 934 F.2d 326, 1991 WL 94457 *6 (10th Cir. 1991) (unpublished table decision)[2], and concludes that filing restrictions in this case are appropriate.

From this time, Plaintiff is restricted from filing any documents or motions in this action or any other action in this district. Should Plaintiff seek to file any other motions, attachments, or pleadings, Plaintiff must first seek leave from the court. To do so, Plaintiff must file a motion asking the court to approve her filing (with the proposed filing attached to the motion) along with providing a statement with reasons why the filing is necessary. If Sharon Cloud seeks to file a new lawsuit in the District of Kansas and is proceeding pro se, she shall file a petition with the Clerk of Court requesting leave to file a complaint or other initial pleading that includes:

1. A copy of this Order and any subsequent Order involving filing restrictions;

2. A copy of the proposed complaint or pleading;

3. A list of all other lawsuits or other matters currently pending or previously filed with this court or any other court that involve the same or similar claims or parties, including the name, number, and status or disposition of each listed case;

4. A notarized affidavit certifying that: (1) The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and (2) The claims are

---

[2] These factors include: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

not frivolous, malicious, or made in bad faith.

Sharon Cloud shall mail or otherwise deliver her submissions to the Clerk of the Court, who shall forward them to a judge of this court for determination as to whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious.  The court will either allow the filing or issue an order of denial.  Failure to follow these procedures will result in the summary rejection of any future case Sharon Cloud attempts to file in this court.  Further, Sharon Cloud is on notice that repeated attempts to file actions based on state court proceedings will result in sanctions, including monetary sanctions and/or attorney fee awards for Defendants.

IT IS SO ORDERED.  Dated this 30th day of April, 2025.

                                            __s/ John W. Broomes_____
                                            JOHN W. BROOMES
                                            UNITED STATES DISTRICT JUDGE